UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAVON CROCKETT BERRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01641-JPH-TAB |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**

Javon Berry, an inmate of the Indiana Department of Correction ("IDOC") currently serving a 60-year sentence for murder and other offenses, has filed a petition for a writ of habeas corpus, challenging his prison disciplinary conviction in case number NCN 19-04-0011. The respondent has filed a motion to dismiss, stating that the 90-day suspended credit time deprivation imposed in this case has expired, and Mr. Berry is no longer "in custody" for purposes of 28 U.S.C. § 2254. Dkt. 6. Mr. Berry concedes his suspended credit time deprivation was never imposed and is now expired. Dkt. 8; dkt. 9, paras. 4, 5. Nevertheless, he argues the Court should deny the motion to dismiss because the disciplinary conviction in this case has diminished his "chances to obtain clemency or parole and was a 'grievous loss' cognizable under the Due Process Clause." Dkt. 8.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanctions cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary

1

proceeding, the petitioner must have been deprived of good-time credits, *id.*, or credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Because the suspended credit time deprivation in this case was not imposed and is now expired, this habeas action, even if the petitioner is successful, cannot affect the duration of the petitioner's custody. The petitioner is therefore not "in custody," and this action moot. *See Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Mr. Berry's argument that the disciplinary conviction has diminished his ability to obtain parole or clemency for his non-capital offenses is too speculative to warrant habeas relief. He has presented no evidence that he would be eligible for discretionary release or that the parole board or the governor would likely grant discretionary release. *See Lawrence v. Oliver*, 602 F. App'x 684, 688 (10th Cir. 2015) (inmate's claim that a prison disciplinary conviction has diminished ability to apply for clemency is "far too speculative" to warrant habeas relief where the inmate made no showing that "he should receive such relief"); *Ohio v. Adult Parole Authority*, 523 U.S. 272, 274 (1998) (discretionary clemency "is far different from a first appeal as of right, and thus is not an integral part of the . . . system for finally adjudicating . . . guilt or innocence.").

The motion to dismiss, dkt. [6], is **GRANTED**. The petitioner's motion to dismiss, dkt. [11], is **DENIED AS MOOT**. Final Judgment in accordance with this Order shall now issue.

**SO ORDERED.**

Date: 10/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAVON CROCKETT BERRY
104054
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov